UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

LEONARD J. MORRIS,

    Petitioner,

v.

                                      CASE NO:  8:07-CV-1925-T-30EAJ

WALTER McNEIL, SECRETARY OF
DEPARTMENT OF CORRECTIONS,
et al.,

    Respondents.
_____/

## ORDER

Petitioner, an inmate in the Florida penal system proceeding *pro se*, brings this Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. §2254 (Dkt. #1).  The Court has considered the Petition, Respondent's Motion to Dismiss Petition as Time-Barred and Limited Response (Dkt. #9) and Petitioner's Reply (Dkt. #12).  Upon review, the Court determines that the Petition must be denied because it is time barred under 28 U.S.C. § 2244(d).

## BACKGROUND

Petitioner was charged with one count of Capital Sexual Battery upon a minor in violation of Section 794.011(1), Fla. Stat. (1998), by the State Attorney's office of Sarasota County, Florida, and plead "not guilty." Petitioner was found guilty of Attempted Sexual Battery by a jury on December 6, 2001, and sentenced to the statutory maximum of thirty years.  Petitioner directly appealed the conviction and the sentence, which was denied *per*

*curiam* on November 27, 2002. Mandate was then issued December 26, 2002. On October 8, 2003, Petitioner filed a post conviction motion under Fla. R. Crim. P. Rule 3.850, which was denied after an evidentiary hearing. Appeal of this denial was dismissed October 20, 2006, for failure of Petitioner to comply with an August 6, 2006 order to file an initial brief.

On February 15, 2007, Petitioner filed another post-conviction motion to correct an illegal sentence under Fla. R. Crim P. Rule 3.800(a), arguing that the thirty year presumptive sentence was outside the calculated "maximum guidelines" and based on factors not found by a jury. The trial court denied the motion on February 26, 2007, ruling that in sentencing, it had not used facts beyond what was reflected in the jury verdict. On appeal, the denial was affirmed *per curiam* on June 20, 2007, and a mandate was issued July 30, 2007. Petitioner filed the instant Petition for Writ of Habeas Corpus under 28 U.S.C §2254 on October 23, 2007.

## DISCUSSION

**Time-barred under §2244(d)**

The Petition is time barred pursuant to 28 U.S.C. §2244(d). State prisoners whose conviction became final after April 24, 1996, the effective date of the Antiterrorism and Effective Death Penalty Act ("AEDPA"), have a one year limitation to file a § 2254 petition starting from the last of the following four events: (1) the date on which the conviction became final; (2) the date on which any state-imposed impediment to filing the petition is removed; (3) the date on which the constitutional right asserted was initially recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or (4) the

date on which the factual predicate of the claim presented could have been discovered through due diligence.  Under 28 U.S.C. §2244(d)(2), the time in which a properly filed state post-conviction motion or other collateral review is pending does not count towards the time period for filing habeas corpus.

Under 28 U.S.C. §2244(d)(1)(A), a conviction becomes final by "the conclusion of direct review or the expiration of time for seeking such review." Bond v. Moore, 309 F.3d 770, 772 (11th Cir. 2004).  Petitioner had 90 days from the November 27, 2002 decision affirming his conviction to file a writ of certiorari under Supreme Court Rule 13.1. Id. at 773. Therefore, conviction became final on February 25, 2003 when the 90 day time period expired.

When petitioner filed his post-conviction Rule 3.850 motion on October 8, 2003, 225 days had expired. Petitioner's time for federal habeas was tolled until the Rule 3.850 motion became final on October 20, 2006, when the appeal was dismissed. Petitioner then filed his post-conviction 3.800(a) motion on February 15, 2007, after another 118 days had expired. The time was tolled again until July 30, 2007, when a mandate was issued after the motion's denial was affirmed. An additional 84 days expired before Petitioner filed his federal habeas on October 22, 2007. Therefore, a total of 427 days had passed from when his conviction became final. Since more than a year passed from the final date of conviction, the Petition is time barred pursuant to §2244(d) unless Petitioner can show that he is entitled to equitable tolling.

Equitable tolling is appropriate when due to "extraordinary circumstances", an otherwise diligent petitioner failed to file his habeas corpus within the AEDPA's statutory deadline. Helton v. Sec'y for Dept. Of Corr., 259 F.3d 1310, 1312 (11th Cir. 2001). Petitioner has not shown any extraordinary circumstances. Furthermore, he has not been "otherwise diligent" because his dismissal of his Rule 3.850 appeal was due to his failure to file the requested brief. Equitable tolling does not apply, and Petitioner's writ of habeas corpus is time barred by §2224(d).

**Illegal Sentence**

Even if Petitioner's Writ of Habeas Corpus were not time barred, it would be denied because it does not present a federal constitutional question cognizable on habeas review. Under §2254(d), a district court may entertain a state prisoner's application for Writ of Habeas Corpus of a claim that was adjudicated on the merits in State court proceedings when: (1) the result or application was contrary to clearly established Federal law or (2) when the result was based on an unreasonable determination of facts in light of the evidence presented in the state court proceeding. Lawhorn v. Allen, 519 F.3d 1272 (11th Cir. 2008).

Petitioner brings his writ for habeas corpus asking the court to vacate the state court's illegal sentence. When the sentence falls within the statutory range, it is not a cognizable constitutional issue in habeas proceedings. Townsend v. Burke, 334 U.S. 736, 741 (1948). See Branan v. Booth, 861 F.2d 1507 (11th Cir. 1988) (holding that petitioner's argument that trial judge misinterpreted state law regarding departure from recommended guidelines for sentencing was denial of his due process raised only a state law issue and was not cognizable

in federal habeas action). Petitioner's 30 year sentence fell within the maximum statutory limit. The state trial court and appellate court concurred his motion for illegal sentence under Rule 3.800(a) and denied relief. Therefore, the Petition is not a cognizable habeas corpus issue under §2254.

## **CONCLUSION**

For the foregoing reasons, the Court determines that the petition is untimely pursuant to 28 U.S.C. §2244(d). Even if the Petition had been filed timely, it would have been denied for failing to meet the threshold requirement for 28 U.S.C. §2254(d).

It is therefore ORDERED AND ADJUDGED that:

1. The Respondent's Motion to Dismiss Petition as Time-Barred and Limited Response (Dkt. #9) is GRANTED.

2. The Petition for Writ of Habeas Corpus (Dkt. #1) is DENIED.

3. The Clerk is directed to enter judgment in favor of Respondents and against the Petitioner, terminate any pending motions, and close this file.

**DONE** and **ORDERED** in Tampa, Florida on May 27, 2008.

_____
JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

Copies furnished to:
Counsel/Parties of Record

F:\Docs\2007\07-cv-1925.deny 2254.wpd